**In re RARE EARTH MINERALS, INC., Debtor.**

**No. 1:02bk–12671.**

United States Bankruptcy Court, N.D. West Virginia.

July 16, 2006.

Spencer D. Elliott, Lewis Glasser Casey & Rollins PLLC, Charleston, WV, for Debtor.

Stephen L. Thompson, Charleston, WV, Chapter 11 Trustee.

Michael L. Bialek, pro se.

Brent E. Beveridge, Fairmont, WV, for Creditors.

### MEMORANDUM OPINION

PATRICK M. FLATLEY, Bankruptcy Judge.

The Chapter 11 trustee (the "Trustee") for Rare Earth Minerals, Inc. (the "Debtor") seeks an order authorizing him to make a distribution to Michael Bialek, Sara and Stephen Mullins, and investors and the royalty interest owners in the Bialek #1 Well. The Trustee also seeks payment of his commission on the amount distributed. Michael Bialek and Sara and Stephen Mullins (the "objecting parties") object to the amounts of the distributions in the Trustee's proposal, and the court held a hearing on the matter on April 27, 2006.

When the Debtor filed its bankruptcy petition, it was in default on its lease with the objecting parties. An assumption of

the lease was approved, and the Trustee proposes to pay the appropriate cure amounts in this distribution. The parties have agreed that the cure amounts are as follows:

1) Michael Bialek shall receive $3,405.81 as a cure amount

2) Michael Bialek shall receive $1,940.18 as interest on the cure amount.

3) Sara and Stephen Mullins shall receive $3,405.81 as a cure amount.

4) Sara and Stephen Mullins shall receive $1,940.18 as interest on the cure amount. The only remaining objection to the motion involves the amounts the Trustee proposes to distribute to the objecting parties for the 6.25% of royalty interest for the operation of the Bialek # 1 Well, which has accrued since the commencement of the case. The Trustee proposes to pay $4,851.32 to Michael Bialek and the same amount to Sara and Stephen Mullins. The parties object to this amount on the grounds that the Bialek # 1 Well production asserted by the Trustee in his proposal is unusually low for this particular well, and a faulty meter and lack of maintenance have resulted in the low production. The Trustee argues that the low production is a normal occurrence in the oil and gas business.

■ Generally, the burden of proof lies with the party who, absent meeting his burden, is not entitled to relief or would be unsuccessful if no evidence were introduced on either side. *See* 29 Am.Jur.2d Evidence § 158 (2006). In other words, the burden of proof rests with the party who is attempting to change the status quo or is asserting the claim. *See* 29 Am. Jur.2d Evidence § 158. Applying this standard to the present situation, the Trustee bears the initial burden of proving that the proposed distributions are the accurate amounts because absent any proof the Trustee would not be entitled to an order authorizing the distributions. Once the Trustee has met this burden, the objecting parties carry the burden of proving that the distributions are inaccurate because, absent evidence disputing the initial proof of the Trustee, the objecting parties would be unsuccessful.

■ The Trustee has met his initial burden by producing for the court's review the production records of the Bialek # 1 Well. The objecting parties, however, have not carried their burden in offering evidence to dispute these production records. The objecting parties have offered a number of theories as to why the production of the Bialek # 1 Well was low during this period, primarily relating to a lack of maintenance and a faulty meter. The objecting parties, however, have offered insufficient proof in support of these theories. The Trustee has provided a significant number of possible explanations for the production anomalies of the Bialek # 1 Well during the period of time at issue. The explanations are based upon variances that are frequently associated with the extraction process and the oil and gas business, in general. For example, the Trustee asserts that the reduced production may be a result of the well "loading up" with fluid that is regularly produced as part of the gas and oil production process. The Trustee also asserts that the production anomalies of the Bialek # 1 Well may relate be a result of the abnormally high production volumes of another well in the same group. Abnormally high production by another well in the same group may result in the other wells being unable to feed into the pipeline. Furthermore, the Trustee has offered testimony to dispute the allegations of a faulty meter, as well as evidence demonstrating that the accuracy of the meter readings was better than ninety-five percent (95%).

The production records submitted by the Trustee are the only documentation the court has concerning the production of the Bialek # 1 Well. Although the objecting parties dispute the records, they offer no evidence, beyond speculation, to support their allegations. Furthermore, the court's own examination of the production records indicates that the fluctuation in the Bialek # 1 Well's production was in accord with the fluctuation in the production of the other wells in the same group. The objecting parties have failed to carry their burden of proof in disputing the production records, and therefore, the objections of Michael Bialek and Sara and Stephen Mullins are not adequately support and, therefore, must be rejected.

The court, therefore, grants the motion of the Trustee seeking an order authorizing distribution. A separate order will be entered pursuant to Fed. R. Bankr.P. 9021.